# United States District Court
## for the Northern District of Oklahoma

---

Case No. 24-cv-564-JDR-MTS

---

AUGUST WAKAT; POEBOY FLEMING AUTO SALVAGE, INC.,

*Plaintiffs,*

*versus*

CITY OF TULSA; FAIR OAKS TOWNSHIP; JOE ROBSON, *individually and as agent of* FAIR OAKS L.L.C.; ANN LANDRITH TRUST; HENRY WINN; LAMAR ADVERTISING CO.; ROBERT RAINBOLT; JEREMY BILLINGSLY; PLAINVIEW SALVAGE INC.; JOHN DOE,

*Defendants.*

---

## OPINION AND ORDER

---

Plaintiffs August Wakat and PoeBoy Fleming Auto Salvage, Inc.[1], proceeding pro se,[2] sued the defendants City of Tulsa, Fair Oaks Township, Joe Robson of Fair Oaks LLC, Ann Landrith Trust, Henry Winn, and Lamar Advertising Co. Dkt. 1. Mr. Wakat amended his complaint to add claims against defendants Robert Rainbolt, Jeremy Billingsly, and Plainview Salvage under 42 U.S.C. § 1983 for violations of "Article I, the Fifth and Fourteenth

---

[1] The Court warned Mr. Wakat on April 23, 2025, that the claims brought by Mr. Wakat on behalf of Poeboy Fleming Auto Salvage, Inc., a corporation, would be dismissed without prejudice unless counsel for Poeboy entered an appearance by May 19, 2025. Dkt. 38. To date, no counsel has entered an appearance on behalf of Poeboy. Thus, the Defendants' motions to dismiss the claims brought by Poeboy are granted without prejudice.

[2] Because Mr. Wakat proceeds pro se, the Court liberally construes his filings, but does not serve as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

No. 24-cv-564

Amendments, and Article VI, Clause 3 of the United States Constitution."
Dkt. 57 at 2. Tulsa, Mr. Robson, Mr. Winn, and Lamar Advertising have
moved to dismiss the amended complaint, arguing that Mr. Wakat has failed
to state a claim upon which relief can be granted. Dkts. 60, 68, 69, 70. The
motions to dismiss are granted, and Mr. Wakat's pending motions[3] are denied
as moot. The claims against Fair Oaks Township, Ann Landrith Trust, Robert
Rainbolt, Jeremy Billingsly, and Plainview Salvage Inc. are also dismissed. [4]

I

Mr. Wakat's claims appear to stem from the purchase of property in
Catoosa, Oklahoma, to run his auto-salvage business. When faced with zon-
ing issues concerning the property, Mr. Wakat alleges that "he [was] unable
to obtain a fair and impartial tribunal hearing due to systemic bias, commonly
referred to as the 'Cowboy Mafia.'" Dkt. 57 at 4. This issue was exacerbated
because "the City of Tulsa … is unable to definitively determine the munici-
pal boundaries applicable to [Mr. Wakat's] property." *Id.* at 5. With this fac-
tual backdrop, Mr. Wakat asks this Court to grant him the following relief:

    (a) A preliminary and permanent injunction prohibiting De-
        fendants from selling, leasing, encumbering, transferring,
        or otherwise asserting control or adverse interest over the
        subject properties … until clear title is established;

    (b) An order compelling Defendants to disclose all deeds, an-
        nexation agreements, zoning documents, lease agreements,
        permits, easements, and any other instruments or evidence

---

[3] Mr. Wakat has filed several miscellaneous motions: motions for hearings [Dkts.
43, 54, 65], motions for default judgment [Dkts. 63, 67], motions to consolidate [Dkts. 56,
79], a motion to strike documents [Dkt. 52], a motion to reconsider [Dkt. 55], a motion
for joinder [Dkt. 59], a motion for forcible detainer relief [Dkt. 75], and a motion for temporary
restraining order [Dkt. 76].

[4] The Court advised Mr. Wakat on April 10, 2025, that claims against any unserved
Defendants would be dismissed. Dkt. 27. Mr. Wakat has failed to properly serve Fair Oaks
Township, Ann Landrith Trust, Robert Rainbolt, Jeremy Billingsly, and Plainview Salvage
Inc.

No. 24-cv-564

purporting to establish their claimed interests in the subject property;

(c) Declaratory judgment quieting title in favor of Plaintiff, declaring that Plaintiff holds valid and superior title to the subject properties free from any adverse claims of Defendants; and

(d) An order cancelling and expunging any fraudulent ordinances or claims, forged, or otherwise invalid filings or claims of interest recorded by Defendants against the subject property in the public land records of Tulsa County, Wagoner County, or Rogers County; [and]

(e) An award of attorney's fees and costs as allowed by law, and such other and further relief as the Court deems just and proper.

*Id.* at 6-7.

## II

When considering whether Mr. Wakat's complaint states viable claims for relief, the Court must determine whether the pleading contains enough "factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this stage, the Court must accept Mr. Wakat's well-pleaded factual allegations as true and construe them in the light most favorable to him. *Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022). The Court "will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

## III

To bring claims under 42 U.S.C. § 1983 against private actors, such as Mr. Robson, Mr. Winn, and Lamar Advertising, Mr. Wakat must sufficiently allege that they acted under color of law because their actions were "fairly

3

No. 24-cv-564

attributable to the state." *Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000) (quoting *Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996)). Conduct is fairly attributable to the state if the deprivation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the state is responsible" and "the private party must have acted together with or … obtained significant aid from state officials or engaged in conduct otherwise chargeable to the State." *Pino*, 75 F.3d at 1465 (quoting *Wyatt v. Cole*, 504 U.S. 158, 162 (1992)). "[W]hen a plaintiff attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, mere conclusory allegations with no supporting factual averments are insufficient. Rather, the plaintiff must specifically plead facts tending to show agreement and concerted action." *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (internal quotation marks and citation omitted). Mr. Wakat has failed to sufficiently allege that Mr. Robson, Mr. Winn, or Lamar Advertising acted independently under color of law or in concert with a government actor to violate his constitutional rights.

Mr. Wakat generally alleges that the Defendants engaged in "a conspiracy to deprive him of his property without due process of law, and [their actions] represent a systemic failure of the judiciary to provide a fair and unbiased forum in violation of Plaintiff's constitutional rights." Dk. 57 at 4. The Defendants allegedly violated his constitutional rights because they "acted under color of state law by misusing their official authority and public positions to carry out unlawful annexation, property deprivation, and other forms of misconduct." *Id.* at 7. Mr. Wakat asserts that these actions amount to violations of due process, equal protection, the Sixth Amendment, and the Fourteenth Amendment. *Id.* at 7-8.

Specific to Mr. Robson, Mr. Wakat alleges that Mr. Robson invited him to a meeting in February 2022 where Mr. Robson proposed a "land swap," offering to trade 26 acres of Mr. Robson's property for 5 acres of Mr. Wakat's

4

No. 24-cv-564

property. Dkt. 57 at 28. Mr. Wakat declined the offer. *Id.* Mr. Wakat also alleges that Mr. Robson declined to testify at a hearing in another case regarding Mr. Wakat's land dispute. *Id.* According to Mr. Wakat, Mr. Robson is a member of the "Honorary Oklahoma Judge Nomination Committee" and because of this membership, the "judicial actions in these proceedings ... have not been impartial but instead reflect political favoritism and systemic bias." *Id.* at 3. In his response to Mr. Robson's motion to dismiss, Mr. Wakat states that Mr. Robson's "development interests have led to retaliatory interference, obstruction of redress, and targeted code enforcement operations against Plaintiffs using City of Tulsa enforcement code under color of law." Dkt. 64 at 2.

As to Mr. Winn, Mr. Wakat alleges that Mr. Winn conveyed a general warranty deed for a portion of the subject property to Mr. Wakat in 2016. Dkt. 57 at 14. Further Mr. Wakat claims that Mr. Winn "vacate[d] the premises" because of municipal ordinance violations, which motivated him to sell the land to Mr. Wakat. *Id.* Mr. Wakat asserts that this motivation to sell "breach[ed] the sale-and-stay-use agreement and interfere[ed] with [Mr. Wakat's] lawful right to peacefully enjoy and use the property." *Id.* Mr. Winn also "authorized the installation of a billboard structure on the property, pursuant to a display permit issued to Lamar Advertising Company in Rogers County, Oklahoma," although the subject property is in Wagoner County, Oklahoma. *Id.* at 15. In sum, Mr. Wakat alleges that Mr. Winn's "failure to deliver clear title constitutes a breach of the covenants of seisin, quiet enjoyment, and against encumbrances, as outlined under Oklahoma law, including 16 O.S. § 19 and 7 C.F.R. § 1927.52." *Id.* at 16.

Mr. Wakat alleges that there is a mechanic's lien on the subject property because of a lease between Lamar Advertising and Mr. Winn for a billboard on the property. Dkt. 57 at 19. Because of the lien, Lamar Advertising claims an interest in the subject property. *Id.* at 20. "Despite [Mr. Wakat's] timely and proper filing in accordance with Oklahoma lien law, the state court refused to grant a hearing or adjudicate the matter on its merits. As a result,

No. 24-cv-564

[Mr. Wakat] was denied a meaningful opportunity to be heard, constituting a violation of procedural due process and access to remedy, in contravention of Article 2, Section 6 of the Oklahoma Constitution and the Fourteenth Amendment of the United States Constitution." *Id.* at 19-20.

These claims do not amount to well-pleaded factual allegations that Mr. Robson, Mr. Winn, or Lamar Advertising conspired with state officials to deprive Mr. Wakat of his constitutional rights. The allegations of conspiracy are wholly conclusory. Mr. Wakat fails to allege specific facts suggesting that Mr. Robson, Mr. Winn, or Lamar Advertising acted in conspiracy or reached an understanding or agreement with state officials to violate Mr. Wakat's constitutional rights. *See, e.g., Montgomery v. City of Ardmore*, 365 F.3d 926, 942 (10th Cir. 2004) (holding that "conclusory allegations are insufficient to state a § 1983 claim" against a private actor where there are no "specific factual allegations suggesting that [the private actor] conspired with the City"); *see also Beedle*, 422 F.3d at 1073 (holding for plaintiff to adequately allege conspiracy between private and state actors, he "must specifically plead facts tending to show agreement and concerted action"). Because Mr. Wakat's allegations are insufficient to state a § 1983 claim against Mr. Robson, Mr. Winn, and Lamar Advertising, their motions to dismiss are granted.

IV

Mr. Wakat also asserts a claim under 42 U.S.C. § 1983 for constitutional violations against Tulsa. He alleges that Tulsa "is a municipal corporation of organized crime under Oklahoma law, lodged in Tulsa County, Wagoner County, Osage County, and Rogers County, Oklahoma" with a formalized annexation process. Dkt. 57 at 31. He alleges that various individuals working for or associated with Tulsa used ordinance violations against Mr. Wakat as part of a "coordinated scheme to unlawfully 'entrap' [Mr. Wakat's] property by fines." *Id.* at 31-32. This was done to facilitate "a proposed $10 billion development project ... without providing [Mr. Wakat with] compensation or adhering to legal procedures under due process." *Id.* at 32.

No. 24-cv-564

To state a plausible claim against a city pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), a plaintiff must allege facts showing "(1) an official policy or custom (2) caused the plaintiff's constitutional injury and (3) that the municipality enacted or maintained that policy with deliberate indifference to the risk of that injury occurring." *George ex rel. Bradshaw v. Beaver Cty. ex rel. Beaver Cty. Bd. of Comm'rs*, 32 F.4th 1246, 1253 (10th Cir. 2022) (citing *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769-71 (10th Cir. 2013)). Liberally construing the amended complaint, Mr. Wakat seems to assert a Fourteenth Amendment due-process claim against Tulsa. But Mr. Wakat's allegations refer generally to the alleged actions of non-party Tulsa employees or individuals associated with Tulsa. His allegations do not suggest that these actions were representative of a formal policy statement, an informal custom, decisions of employees with final policymaking authority, or ratification by final policy makers as required under *Monell*. Thus, Mr. Wakat's § 1983 claim against Tulsa fails because his claim is based on conclusory allegations that do not tie any policy to his alleged harm. Tulsa's motion to dismiss is granted.

V

The Court now turns to Mr. Wakat's filing history in this district and cautions Mr. Wakat that filing restrictions may be placed on him if he continues to file frivolous pleadings. "'[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.'" *In re Winslow*, 17 F.3d 314, 315 (10th Cir. 1994) (quoting *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989)). Although Courts must be cautious not to deny a litigant "meaningful access to the courts," Court may "impos[e] carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986) (citations omitted).

Within an eight-month period, Mr. Wakat has filed or removed six cases in this district:

No. 24-cv-564

1. *Wakat et al v. City of Tulsa et al*, 4:24-cv-564-JDR-MTS (N.D. Okla. filed Nov. 21, 2024)

2. *Wakat v. Winn et al*, 4:24-cv-576-GKF-JFJ (N.D. Okla. filed Dec. 2, 2024)

3. *Wakat et al v. City of Tulsa et al*, 4:25-cv-201-JDR-SH (N.D. Okla. filed Apr. 22, 2025)

4. *Wakat et al v. City of Tulsa et al*, 4:25-cv-202-JDR-SH (N.D. Okla. filed Apr. 22, 2025)

5. *Winn v. Wakat et al*, 4:25-cv-206-JDR-JFJ (N.D. Okla. filed Apr. 24, 2025)

6. *Wakat et al v. City of Tulsa et al*, 4:25-cv-268-SEH-CDL (N.D. Okla. filed June 2, 2025)

On January 3, 2025, the Court dismissed Case No. 4:24-cv-576-GKF-JFJ, for lack of subject matter jurisdiction. On May 9, 2025, the Court remanded Case No. 25-cv-202-JDR-SH for lack of subject matter jurisdiction. And on June 2, 2025, the Court remanded Case Nos. 25-cv-201-JDR-SH and 25-cv-206-JDR-JFJ for lack of subject matter jurisdiction. In this order, the Court dismisses Mr. Wakat's complaint for failure to state a claim. Accordingly, the Court warns Mr. Wakat that the Court may place filing restrictions on him if the Court finds that he continuously files frivolous complaints.

IT IS THEREFORE ORDERED that the Defendants' motions to dismiss [Dkts. 60, 68, 69, 70] are granted.

IT IS FURTHER ORDERED that Mr. Wakat's pending motions [Dkts. 43, 52, 54, 55, 56, 59, 63, 65, 67, 75, 76, 79] are denied as moot.

No. 24-cv-564

DATED this 8th day of July 2025.

JOHN D. RUSSELL
*United States District Judge*