# United States District Court
## for the Northern District of Oklahoma

Case No. 24-cv-564-JDR-MTS

AUGUST WAKAT; POEBOY FLEMING AUTO SALVAGE, INC.,

*Plaintiffs*,

versus

CITY OF TULSA; FAIR OAKS TOWNSHIP; JOE ROBSON, *individually and as agent of* FAIR OAKS L.L.C.; ANN LANDRITH TRUST; HENRY WINN; LAMAR ADVERTISING CO.; ROBERT RAINBOLT; JEREMY BILLINGSLY; PLAINVIEW SALVAGE INC.; JOHN DOE,

*Defendants*.

## OPINION AND ORDER

Plaintiff August Wakat, proceeding pro se,[1] objects to the Court's opinion and order dismissing his claims. Dkt. 82. In his motion, Mr. Wakat asks the Court to reconsider its order. *Id.* at 2. Accordingly, the Court construes Mr. Wakat's objection as a motion to reconsider pursuant to Federal Rules of Civil Procedure 59(e). The motion is denied.

Mr. Wakat's motion to reconsider does not meet the requirements of Rule 59(e). Under the rule, a party may ask for reconsideration if the court's judgment "misapprehended the facts, a party's position, or the controlling law." *Barber ex. rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks and citation omitted). "Grounds

---

[1] Because Mr. Wakat proceeds pro se, the Court liberally construes his filings but does not serve as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). Reconsideration is "'not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument.'" *FDIC v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996)). "A Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." *Syntroleum Corp. v. Fletcher Int'l Ltd.*, No. 08-cv-384-JHP-FHM, 2009 WL 761322, at *1 (N.D. Okla. Mar. 19, 2009) (internal quotation marks and citation omitted). And Mr. Wakat's motion is just that: an attempt to reargue the matters already addressed in the Court's opinion and order.

Mr. Wakat argues that the Court erroneously deprived him of an opportunity to amend his complaint, present evidence, or be heard. Dkt. 82 at 1-2. But the Court provided Mr. Wakat an opportunity to amend his complaint [Dkt. 37] and he did so [Dkt.57]. Further, "due process does not require an oral hearing, and a district court has discretion to decide a motion to dismiss without one." *Frischenmeyer v. Werholtz*, 459 F. App'x. 759, 761 (10th Cir. 2012) (citations omitted). Mr. Wakat also argues that "[t]he coordinated rulings reflect a conspiracy led by 'Cowboy Mafia' boss Joe Robson to deprive Plaintiff of equal protection and due process." Dkt. 82 at 1-2. This argument was made in Mr. Wakat's amended complaint and addressed by the Court's opinion and order.

The Court finds that Mr. Wakat has not met the heavy burden required by Rule 59(e). His motion merely re-argues matters previously raised and rejected by the Court's opinion and order. The Court has no obligation to consider those arguments when ruling on a Rule 59(e) motion, *see Servants of*

No. 24-cv-564

*Paraclete*, 204 F.3d at 1009, and the Court will not do so here. Because Mr. Wakat has failed to meet the requirements of Rule 59, the motion is denied.

DATED this 23rd day of July 2025.

_____
JOHN D. RUSSELL
*United States District Judge*